IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

JAMES MORELAND                                                                                          PLAINTIFF

V.                                                                    CIVIL ACTION # 2:07cv42-KS-MTP

MARION COUNTY, MISSISSIPPI
Mr. Richard Stringer, Individually and in his
capacity as sheriff of Marion County, Mississippi.
Mr. Kelly Farmer, Individually and in his capacity
As a deputy sheriff of Marion County, Mississippi.
Ms. Pamela Bryant, Individually and in her capacity
As deputy sheriff of Marion County, Mississippi.
Unknown deputy #1, individually and in his/her
Capacity as deputy sheriff of Marion County, Mississippi.
Unknown deputy #2, individually and in his/her capacity
As deputy sheriff of Marion County, Mississippi.
Unknown deputy #3, individually and in his/her capacity
As deputy sheriff of Marion County, Mississippi.                                      DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This cause is before the Court on the defendants Richard Stringer, Kelly Farmer, and Pamela Bryant's motion for summary judgment [# **13**], in their individual capacities, on the basis of qualified immunity and protection from suit under the Mississippi Tort Claims Act ("MTCA"). Because the Defendants have met the burden of showing that their actions were objectively reasonable under the circumstances, and were not in reckless disregard for the safety of citizens not engaged in criminal acts, the Court recognizes their qualified immunity from suit and protections afforded by the MTCA, and their motion for summary judgment is **granted**.

STATEMENT OF FACTS

Though a dog is a man's best friend, men are sometimes not very good friends to their dogs. This case arises out of the alleged mistreatment of several wolf-dog hybrids[1] ("wolfdogs") and the actions of law enforcement and animal control officers to rescue them.

On June 13, 2006, the head canine officer at the Columbia Animal Shelter received a call from a local resident complaining about the condition of numerous wolfdogs at a nearby property. The anonymous caller indicated that the owner of the house had moved and left the animals abandoned. The shelter contacted Deputy Pamela Bryant ("Defendant Bryant") of the Marion County Sheriff's Department for assistance. Defendant Bryant then visited the property along with Mary Jones, a shelter employee.

The property in question, owned by James Moreland ("Plaintiff"), is situated directly on the line between Lamar and Marion counties. The western edge of the property precisely tracks the boundary between the two counties, and no portion of the property is located in Marion County. The entire parcel sits within Lamar County. There is no evidence in the record that Defendant Bryant nor any of the responding officials knew that the property was actually situated in Lamar County.

Upon arrival at the scene, Defendant Bryant and the animal control officers discovered approximately eighteen wolfdogs chained in and around the yard. The wolfdogs had been left unattended without food or water, and appeared severely dehydrated and malnourished. The

---

[1] A wolf-dog hybrid (also called a wolf-hybrid or wolfdog) is a canid hybrid resulting from the mating of a wolf (*Canis lupus*) and a dog (*Canis lupus familiarus*). Despite existing bans most states, the population of wolf-dog hybrids in the United States is estimated at between 300,000 and 500,000 animals by the United States Department of Agriculture.

house on the property had a broken window and looked to be uninhabited. The animal control officers and Defendant Bryant provided medical care to the wolfdogs and transported them to the animal rescue shelter, making five total trips between the shelter and the property.

Following the confiscation of the wolfdogs, the Plaintiff was arrested and charged with sixteen counts of animal cruelty in Marion County. After the Plaintiff provided a map definitively showing his property was not within Marion County, the charges were dismissed for lack of jurisdiction.

The Plaintiff filed the current case against the named Defendants, as well as several unknown defendants, for damages based on the alleged violation of his rights by the Marion County Sheriff's Office. The Defendants have moved for summary judgment raising the defense of qualified immunity against federal claims and protection under the MTCA for any state law claims.

## QUALIFIED IMMUNITY

When the defendant to a 42 U.S.C. § 1983 claim pleads qualified immunity as an affirmative defense, the burden is on the plaintiff to establish that the defendant is not protected by qualified immunity because the official's conduct violated clearly established law. *Michalik v. Hermann*, 422 F.3d 252, 258 (5th Cir. 2005). To prevail, the plaintiff must show "genuine issues of material fact concerning the reasonableness" of the defendant's conduct. *Bazan ex rel Bazan v. Hidalgo County*, 246 F.3d 481, 490 (5th Cir. 2001).

The qualified immunity analysis is a two-step inquiry. The bifurcated legal standard is used "both to promote clearer standards for official conduct and to spare defendants unwarranted

liability and court costs." *Atteberry v. Nocona Gen. Hosp.*, 430 F.3d 245, 253 (5th Cir. 2005). To avoid the disruption of government occasioned by a lawsuit, the qualified immunity analysis should be applied "as soon as possible in a judicial proceeding, even before discovery." *Hare v. City of Corinth, Miss.*, 135 F.3d 320, 325 (5th Cir. 1998)

First, the court examines whether the plaintiff has alleged the "violation of a clearly established right." *Fontenot v. Cormier*, 56 F.3d 669, 673 (5th Cir. 1995). To be deemed clearly established, the "contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Kinney v. Weaver*, 367 F.3d 337, 352 (5th Cir. 2004).

Second, the court asks whether the defendant's conduct was "objectively reasonable in light of clearly established law at the time of the violation." *Goodson v. City of Corpus Christi*, 202 F.3d 730, 736 (5th Cir. 2000). Even when the government official violated a clearly established right, the official "is nonetheless entitled to qualified immunity if his conduct was objectively reasonable." *Wallace v. County of Comal*, 400 F.3d 284, 289 (5th Cir. 2005). The objective reasonableness of official action is an issue of law reserved for the court. *Williams v. Bramer*, 180 F.3d 699, 703 (5th Cir. 1999). Since qualified immunity often turns upon the objective reasonableness of the defendant's acts, "a particular defendant's subjective state of mind has no bearing on whether that defendant is entitled to qualified immunity." *Thompson v. Upshur County*, 245 F.3d 447, 457 (5th Cir. 2001).

To carry their burden, a plaintiff must show that "all reasonable officials would have realized that it was proscribed by the federal law on which the suit is founded." *Palmer v. Johnson*, 193 F.3d 346, 351 (5th Cir. 1999). The qualified immunity defense "gives ample room

for mistaken judgments" and protects "all but the plainly incompetent or those who knowingly violate the law." *Hunter v. Bryant*, 502 U.S. 224, 229 (1991).

The current Plaintiff must first prove that the Defendants' actions violated his clearly established rights. It is undisputed that the responding peace officers had no territorial jurisdiction to seize the wolfdogs nor to obtain and execute the arrest warrant against the Plaintiff. Outside of Marion County, the officers' authority is no greater than that of a private citizen.

The Defendants have responded by asserting that their arrest was lawful under Mississippi statutes, and hence could not have violated a clearly established right. The Court finds their reasoning unpersuasive. The Defendants are correct to assert that under Mississippi law, an officer who makes an arrest outside her territorial jurisdiction does so as a private citizen. *See Davis v. United States*, 409 F.2d 1095, 1099 (5th Cir. 1969) ("As Sheriff Ash was beyond the limits of his county we shall treat the arrest as made by a private person."). Yet the Defendants made the arrest after obtaining a warrant, and it is unclear whether such an arrest would be recognized as lawful under the statute in question. Without determining the validity of the Defendants' arrest by a private citizen,[2] no arrest by a private citizen is entitled to qualified immunity, the inquiry of the current motion.

---

[2] *See Ross v. Neff*, 905 F.2d 1349, 1353-54 (10th Cir. 1990) (holding that a warrantless arrest made outside of the arresting officer's jurisdiction is actionable pursuant to § 1983 under the appropriate circumstances); *but see Fields v. City of South Houston,* 922 F.2d 1183, 1189 (5th Cir. 1991) (no cause of action for false arrest under § 1983 unless arresting officer lacks probable cause). The relevant Mississippi statute for arrests made by private citizens, Miss. Code Ann. § 99-3-7, permits private citizens to make an arrest, without a warrant, for indictable offenses committed in the presence of the arresting actor. It is unclear whether the statute would apply, however, to a peace officer who had obtained a warrant. Because resolving this question is not necessary to rule on the qualified immunity issue, the Court refrains from making a judgment on the validity of the arrest, and assumes *arguendo* that it violated a clearly established right of the Plaintiff.

Assuming that the Defendants did violate a clearly established right of the Plaintiff, they remain protected by qualified immunity because their actions were objectively reasonable. Knowing they had traveled to the edge of their territorial mandate, the Defendants chose to seize the injured animals and make an arrest. Their decision was a reasonable judgment based on a jurisdictional fact, even if hindsight reveals it was a mistake.

Though neither the Court nor the litigants are aware of a case precisely on point, the Fifth Circuit provided a helpful analogy in *Pierce v. Smith*, 117 F.3d 866, 871 (5th Cir. 1997).

> For example, where the complained of conduct is a law enforcement warrantless search of a residence, qualified immunity turns not only on whether it was then clearly established that such a search required probable cause and exigent circumstances, but *also* on whether it was then clearly established that the circumstances with which the officer was confronted did not constitute probable cause and exigent circumstances.

(*citing Anderson v. Creighton*, 483 U.S. 635, 637-42 (1987)) (emphasis in original). Stretching this reasoning for a jurisdictional fact, the immunity turns not only on whether it is clearly established that the officers were limited by their territorial mandate, but also on whether it is clearly established that the circumstances with which they were confronted did not constitute a valid exercise of their jurisdictional judgment. This is because the qualified immunity analysis turns on "the information available" to the officer, and not on a full post-hoc review of all facts at the time of the action. *See Glenn v. City of Tyler*, 242 F.3d 307, 312 (5th Cir. 2001).

Applied to this case, the Defendants are entitled to qualified immunity because the officials made an objectively reasonable choice based on the circumstances. It was objectively reasonable, based on the proximity of the county line, for the officers to have assumed that they were operating within their territorial jurisdiction. *See Pfannstiel v. City of Marion*, 918 F.2d

1178, 1187 (5th Cir. 1990) (even when an officer "subjectively intends to act unreasonably" he is "entitled to immunity if his actions are objectively reasonable"). The animals seized were starving and appeared abandoned, making it objectively reasonable for the officers to act without a more careful review of the relevant geography. Though a more acute awareness of the county line would have averted the misstep, the fact that the property shares its longest border with Marion County makes it impossible for the Court to determine the officers were plainly incompetent. And with no showing by the Plaintiff that the Defendants knowingly violated the law, the Plaintiff has failed to overcome the qualified immunity defense.

Turning specifically to Defendant Stringer, the Plaintiff has made no factual allegations that Defendant Stringer had any involvement with the events that are the subject of the complaint, aside from serving as the Sheriff of Marion County. In order to proceed against Defendant Stringer, the Plaintiff must allege that Defendant Stringer was personally involved in the underlying acts. *Muphy v. Kellar*, 950 F.2d 290, 292 (5th Cir. 1992). Defendant Stringer cannot be held liable for the actions of subordinates under a theory of vicarious liability, as "subordinates' acts trigger no individual § 1983 liability." *Champagne v. Jefferson Parish Sheriff's Office,* 188 F.3d 312, 314 (5th Cir. 1999).

Moreover, there is no evidence to support allegations that Defendant Stringer was guilty of "gross negligence" in training departmental personnel, and nothing in the record to support the conclusory allegations that he permitted "reckless, risky conduct" on the part of his deputies. To hold supervisory officials like Defendant Stringer liable under § 1983, the Plaintiff would have to show (1) the supervisor either failed to supervise or train the subordinate official; (2) a causal link exists between the failure to train or supervise and the violation of the plaintiff's rights; and

(3) the failure to train or supervise amounts to deliberate indifference. *See Smith v. Brenoettsy*, 158 F.3d 908, 911-12 (5th Cir. 1998). The Plaintiff has neither alleged this claim sufficiently, nor shown how such a claim would overcome the qualified immunity defense.  Therefore, Defendant Stringer remains protected by qualified immunity along with the other defendants.

MTCA AND STATE TORT CLAIMS

The Mississippi Tort Claims Act ("MTCA") protects state employees by providing that "no employee shall be held personally liable for acts or omissions occurring within the course and scope of the employee's duties." Miss. Code Ann. § 11-46-7. The Mississippi Supreme Court has determined that "public policy requires that [police and fire fighters] not be liable for mere negligence." *Maldonado v. Kelly*, 768 So. 2d 906, 909 (Miss. 2000). State peace officers can still waive their immunity under the MTCA by "acting in reckless disregard of the safety and well-being of citizens not engaged in criminal acts." *City of Jackson v. Lipsey*, 834 So. 2d 687, 692 (Miss. 2003).  In order to prove the Defendants waived their protection under the MTCA, the Plaintiff must show that they acted "in reckless disregard of the safety and well-being of any person not engaged in criminal activity at the time of injury." Miss. Code Ann. § 11-46-9(1)(c).

Under Mississippi law, the term "reckless disregard" is "synonymous" with the terms "willful and wanton," which requires "knowingly and intentionally doing a thing or wrongful act." *Turner v. City of Ruleville*, 735 So. 2d 226, 230 (Miss. 1999).  The Court has characterized "wantonness" as "failure or refusal to exercise any care," while mere negligence is the "failure to exercise due care." *Beta Beta Chapter v. May*, 611 So. 2d 889, 895 (Miss. 1992).

The Plaintiff in this case has failed to produce any evidence indicating that the

Defendants' actions were more than mere negligence. "Because immunity lies for negligence," the Defendants are individually immune from suit for the state law claims alleged by the Plaintiff. *City of Greenville v. Jones*, 925 So. 2d 106, 111 (Miss. 2006) (quoting *Turner,* 735 So. 2d at 230).

## CONCLUSION

The Defendants in this case were state officials performing the discretionary functions of their respective offices. Even if their acts violated a clearly established right of the Plaintiff, the Defendants' actions were objectively reasonable in light of the known facts and not plainly incompetent or a purposeful violation of law. As such, they are entitled to qualified immunity. Moreover, the Defendants' actions did not amount to a reckless disregard for the safety and well-being of citizens not engaged in criminal acts. Therefore, the Defendants are immune from suit under the MTCA.

THEREFORE, it is ORDERED AND ADJUDGED that the Defendants' motion for summary judgment [# **13**], in their individual capacities, based on qualified immunity and the MTCA is hereby GRANTED.

SO ORDERED AND ADJUDGED on this 27th day of August, 2007.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE