IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

JAMES MORELAND                                                                             PLAINTIFF

V.                                                                       CAUSE # 2:07cv42-KS-MTP

MARION COUNTY, MISSISSIPPI
Mr. Richard Stringer, individually and in his
capacity as sheriff of Marion County, Mississippi.
Mr. Kelly Farmer, individually and in his
capacity as a deputy sheriff of Marion County, Mississippi.
Ms. Pamela Bryant, individually and in her
capacity as a deputy sheriff of Marion County, Mississippi.
Unknown deputy #1, individually and in his/his
capacity as a deputy sheriff of Marion County, Mississippi
Unknown deputy #2, individually and in his/his
capacity as a deputy sheriff of Marion County, Mississippi
Unknown deputy #3, individually and in his/his
capacity as a deputy sheriff of Marion County, Mississippi               DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This cause is before the Court on the Plaintiff's motion for reconsideration [# **22**]. Because the Plaintiff has failed to show either the availability of new evidence not previously discoverable or a clear error of law that must be corrected to prevent manifest injustice, the motion for reconsideration is **denied**.

### FACTUAL BACKGROUND

On August 27, 2007, this Court granted the motion for summary judgment on the basis of

qualified immunity for defendants Richard Stringer, Kelly Farmer, and Pamela Bryant [# 20]. The Court then filed an entry of final judgment for Richard Stringer, Kelly Farmer, and Pamela Bryant in their individual capacities [# 21]. In granting the motion for summary judgment, the Court made the following findings:

> It was objectively reasonable, based on the proximity of the county line, for the officers to have assumed that they were operating in their territorial jurisdiction....The animals seized were starving and appeared abandoned, making it objectively reasonable for the officers to act without a more careful review of the relevant geography. Though a more acute awareness of the county line would have averted the misstep, the fact that the property shares its longest border with Marion County makes it impossible for the Court to determine the officers were plainly incompetent. And with no showing by the Plaintiff that the Defendants knowingly violated the law, the Plaintiff has failed to overcome the qualified immunity defense.

On September 4, 2007, the Plaintiff filed the current motion for reconsideration. In addition to his motion, the Plaintiff attached a photograph of a road with a small two-sided sign. The obverse of the sign reads "Enter Marion County" and the reverse reads "Lamar County." The Plaintiff alleges that his property sits "parallel to road signs stating what county you are entering." As such, he argues that "it is unreasonable to believe that the officers assumed they were operating in their own territorial jurisdiction."

## STANDARD OF REVIEW

The Federal Rules of Civil Procedure "do not recognize a motion for reconsideration *in haec verba*." *Lavespere v. Niagra Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990), *abrogated on other grounds*, *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 n.14 (5th Cir. 1994) (en banc). However, the Fifth Circuit has held that such a motion may be entertained by a court and should be treated either as a motion to alter or amend pursuant to Rule 59(e) or a motion for

relief from judgment pursuant to Rule 60(b). *Shepard v. Int'l Paper Co.*, 372 F.3d 326, 328 n.1 (5th Cir. 2004). Specifically, if the motion for reconsideration is filed and served within ten days of the rendition of judgment, the motion falls under Rule 59(e). *Hamilton Plaintiffs v. Williams Plaintiffs*, 147 F.3d 367, 371 n.10 (5th Cir. 1998). Because the current motion was filed within ten days of the judgment, the Court will consider it under Rule 59(e). *See, e.g., Neely v. Regions Bank, Inc.*, 2007 WL 571111 (N.D. Miss. Feb. 20, 2007).

Rule 59(e) "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990). Under Rule 59(e), there are three possible grounds for granting a motion for reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or prevent manifest injustice. *In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir. 2002). The motion to amend a judgment under Rule 59(e) "must clearly establish either a manifest error of law or fact or must present newly discovered evidence and cannot be used to raise arguments which could, and should, have been made before the judgment issued." *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863 (5th Cir. 2003).

Although a district court can consider evidence not presented in the summary judgment record, it should only do so in extraordinary circumstances. *Templet v. HydroChem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). The "unexcused failure to present evidence available at the time of summary judgment provides a valid basis for denying a subsequent motion for reconsideration." *ICEE Distributors, Inc. v. J & J Snack Foods Corp.*, 445 F.3d 841, 847 (5th Cir. 2006). The court's duty in ruling on a motion for reconsideration is to "strike the proper

balance between two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts." *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.,* 6 F.3d 350, 355 (5th Cir. 1993). When a party submits additional evidence not part of the summary judgment record for reconsideration, the court considers "the reasons for the moving party's default, the importance of the omitted evidence to the moving party's case, *whether the evidence was available before the party responded to the summary judgment motion,* and the likelihood that the nonmoving party will suffer unfair prejudice if the case is reopened." *Snavely v. Nordskog Elec. Vehicles Marketeer*, 947 F. Supp. 999, 1011 (S.D. Miss. 1996) (emphasis in original).

## APPLICATION AND ANALYSIS

Turning to the instant case, the Plaintiff has not pointed to any change in controlling law relevant to the prior order. Instead, he argues that if the Court fails to consider the evidence he belatedly presented and overturn the previous order, it would commit a clear error of law and a manifest injustice.

Although the Plaintiff has submitted new evidence to argue his motion for reconsideration, he has failed to show that this evidence was unavailable to him in the first instance. The photographs submitted were, without question, "plainly available or easily discovered before summary judgment." *ICEE*, 445 F.3d at 848. Because the Plaintiff cannot show the evidence was unavailable to him, and offers no explanation as to why he failed to submit the evidence while the motion was pending, the Court is within its discretion to refuse to consider the evidence or modify the final judgment. *Id*. at 847.

Even if the Court refuses to consider the additional evidence submitted, it must be sure

that a clear error of law or manifest injustice will not result if the ruling remains undisturbed. To that end, the Plaintiff must establish that the grant of qualified immunity to the Defendants would create this inequitable result. Assuming the photograph is accurate, it merely reinforces the Court's reasoning that the proximity of the county line to the Moreland tract made the officer's actions objectively reasonable. The current photograph does not establish that the sign was present, upright, and unobstructed when the officers entered the Plaintiff's property. It is not annotated with the precise location of the Moreland tract in relation to the sign as pictured. And finally, it is unclear whether the officers would have necessarily passed the sign when transporting the injured animals away from the Plaintiff's property. In short, the Court determines that no clear error of law or manifest injustice would result if the judgment were upheld.

  A motion for reconsideration cannot be used to allow languid litigants an unlimited number of chances to get available evidence into the record or to rehash theories already rejected by the Court. The Plaintiff has already had an opportunity to make this factual argument, and the Court sees no reason to permit him a second bite at the apple. As such, "the facts in this case do not warrant the extraordinary relief associated with the granting of a motion for reconsideration." *Templet v. HydroChem, Inc.*, 367 F.3d 473, 479-80 (5th Cir. 2004).

## CONCLUSION

IT IS THEREFORE ORDERED AND ADJUDGED that the Plaintiff's motion for reconsideration [# **22**] is **denied**.

SO ORDERED AND ADJUDGED this 18th day of September, 2007.

*s/Keith Starrett*
United States District Judge