IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**JAMES MORELAND** **PLAINTIFF**

v.   CIVIL ACTION # 2:07cv42-KS-MTP

**MARION COUNTY, MISSISSIPPI;
and SHERIFF BERKLEY HALL, DEPUTY
KELLY FARMER, and DEPUTY PAMELA
BRYANT, in their official capacities**   **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This cause is before the Court on the motion for summary judgment [Doc. #96] (August 15, 2008) filed by Defendants Marion County, Mississippi, ("Marion County") and, in their official capacities, Sheriff Berkley Hall, Deputy Kelly Farmer, and Deputy Pamela Bryant. For the reasons set forth below, the motion for summary judgment should be **granted** and the case should be **dismissed with prejudice**.

## I. FACTUAL BACKGROUND

This case arises out of the alleged mistreatment of several wolf-dog hybrids and the actions of law enforcement and animal control officers to rescue them. On June 13, 2006, the head canine officer at the Columbia Animal Shelter received a call from a local resident complaining about the condition of numerous wolfdogs at a nearby property. The anonymous caller indicated that the owner of the house had moved and left the animals abandoned. The shelter contacted Bryant at the Marion County Sheriff's Department for assistance. Bryant then visited the property along with Mary Jones, a shelter employee.

The property in question, owned by the Plaintiff, James Moreland, is situated on the line between Lamar and Marion counties. The entire parcel sits within Lamar County; the western edge of the property precisely tracks the boundary between the two counties. There is no evidence in the record that Bryant or any of the responding officials knew that the property was situated in Lamar County. Bryant did testify, however, that she was aware Moreland's property was near the boundary and that there was a sign on a nearby road marking the county line. *See* Pl.'s Ex. 9 [Doc. #103-10] (August 29, 2008).

Upon arrival at the scene, Bryant and the animal control officers discovered approximately eighteen wolfdogs chained in and around the yard. The dogs had been left unattended without food or water and that the dogs appeared severely dehydrated and malnourished. Bryant and the animal control officers transported the animals to the animal rescue shelter, making five total trips between the shelter and Moreland's property. Bryant also euthanized one of the animals after determining that it could not be humanely transported. Pl.'s Ex. 5 [Doc. #103-5] (August 29, 2008). Neither Bryant nor the animal control officers had a warrant authorizing them to enter Moreland's property. Pl.'s Ex. 3 [Doc. #103-3] (August 29, 2008).

Following the confiscation of the wolfdogs, Bryant swore out an affidavit to have an arrest warrant issued. Pl.'s Ex. [Doc. #103-14] (August 29, 2008). Subsequently, Moreland was arrested and charged with sixteen counts of animal cruelty in Marion County. After Moreland provided a map definitively showing his property was not within Marion County, the charges were dismissed for lack of jurisdiction.

The Plaintiff filed suit against the Defendants on March 1, 2007. Pl.'s Complaint [Doc.

#1]. This Court granted a prior motion for summary judgment filed by the Defendants, dismissing all of Plaintiff's claims against Defendants Stringer, Farmer, and Bryant in their individual capacities. [Doc. #21] (September 4, 2007). As a result, the Plaintiff's only remaining claims are state law claims and 42 U.S.C. § 1983 claims against Marion County and the Defendants in their official capacities. In particular, the Plaintiff alleges that the Defendants are liable for negligence, breach of ministerial duty, abuse of process, false arrest, and wrongful imprisonment.

In the instant motion, the Defendants contend that (1) the Plaintiff's claims under Mississippi state law are barred by the Mississippi Torts Claims Act ("MTCA") and should therefore be dismissed; (2) the Plaintiff's § 1983 claims should be dismissed because Plaintiff has offered no evidence of official policy;[1] and (3) Plaintiff's claims for punitive damages under § 1983 fail as a matter of law. *See* Def.'s Br. [Doc. #97] (August 15, 2008).

## II. STANDARD OF REVIEW

"Under the *Erie* doctrine, federal courts sitting in diversity apply state substantive law and federal procedural law." *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427 (1996); *see also Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938).

Summary judgment is appropriate when the evidence before the Court shows "that there

---

[1] The claims against the Defendants in their official capacities are, in essence, against Marion County. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690, n.55 (1978); *Familias Unidas v. Briscoe*, 619 F.2d 391 (5th Cir. U1980) ("damages may be awarded against a defendant in his official capacity if they would be available against the governmental entity, itself." (citing *Monell*, 436 U.S. at 690 n.55)). Accordingly, if the Plaintiff's claims fail against Marion County, they fail with regard to the other Defendants in their official capacity as well.

is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED R. CIV. P. 56(b). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id.*

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting *Anderson*, 477 U.S. at 247). "[I]f the movant bears the burden of proof on an issue, either because he is the plaintiff or as a defendant he is asserting an affirmative defense, he must establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986).

If the moving party can meet the initial burden, the burden then shifts to the nonmoving party to establish the existence of a genuine issue of material fact for trial. *Norman v. Apache Corp.*, 19 F.3d 1017, 1023 (5th Cir. 1994). The nonmoving party must show more than "some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986), and cannot satisfy its burden with "conclusory allegations [or] unsubstantiated assertions." *Little v. Liquid Air. Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

In evaluating the evidence tendered by the parties, the court must accept the evidence of the nonmovant as credible and draw all justifiable inferences in its favor. *Anderson,* 477 U.S. at

4

255.  While courts will "resolve factual controversies in favor of the nonmoving party," an actual controversy exists only "when both parties have submitted evidence of contradictory facts." *Little*, 37 F.3d at 1075.

## III.  APPLICATION AND ANALYSIS

### A.  Plaintiff's Mississippi State Law Claims

The MTCA provides the exclusive civil tort remedy against government entities and their employees under Mississippi law.  MISS. CODE ANN. § 11-46-7 (1).  Under the MTCA, the government is exempt from liability for the performance of police duties unless its employee(s) acted "in reckless disregard of the safety and well-being" of the plaintiff.  MISS. CODE ANN. § 11-46-9.  "The plaintiff has the burden of proving 'reckless disregard' by a preponderance of the evidence."  *Titus v. Williams*, 844 So. 2d 459, 468 (Miss. 2003).

"Reckless disregard has been defined by [the Supreme Court of Mississippi] as a higher standard than gross negligence, and it embraces willful or wanton conduct which requires knowingly and intentionally doing a thing or wrongful act."  *Phillips v. Miss. Dep't of Pub. Safety*, 978 So. 2d 656, 661 (Miss. 2008).  "Reckless disregard usually is accompanied by a conscious indifference to consequences, amounting almost to a willingness that harm should follow."  *Miss. Dep't of Pub. Safety v. Durn*, 861 So. 2d 990, 995 (Miss. 2003) (quoting *Maye v. Pearl River County*, 758 So. 2d 391, 394 (Miss. 1999)).  Courts "look to the totality of the circumstances when considering whether someone acted in reckless disregard."  *Phillips*, 978 So. 2d at 661.

Here, the Defendants have met their initial burden under the summary judgment standard

by pointing to the absence of evidence in the record that would support a finding of reckless disregard. *See* Def.'s Brief at 15-16. Accordingly, the burden shifts to the Plaintiff to establish the existence of a genuine issue of fact with regard to the Defendants' alleged reckless disregard. The Plaintiff's entire attempt to meet his burden, is the following sentence from his brief in opposition:

> Bryant's repeated violations of Mississippi statutes and her complete failure to conduct and form of investigation [sic], especially as to jurisdiction, before arresting Moreland, constitutes reckless disregard and disqualifies her from protection under the Mississippi Tort Claims Act.

Pl.'s Br. at 14 [Doc. #99] (August 29, 2008). Thus, the Plaintiff relies solely on a conclusory assertion, without citation to supporting evidence, in his attempt to meet his burden. Moreover, having conducted an independent review of the record evidence, the Court concludes – as it did approximately one year ago – that there is no record evidence indicating that the Defendants' actions were anything more than mere negligence. *C.f.* [Doc. #20] at 9. Since there is no evidence of reckless disregard by the Defendants, the Plaintiff's state law claims against the Defendants should be dismissed.

### B. Plaintiff's § 1983 Claims

"The familiar doctrine of respondeat superior has no application in a section 1983 action against a governmental unit based on the wrongful acts of its employees." *Grabowski v. Jackson County Pub. Defenders Office*, 79 F.3d 478, 479 (5th Cir. 1996). "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694-95 (1978). The policy or custom must be "the moving force of the constitutional violation." *Grandstaff v.*

*Borger*, 767 F.2d 161, 169 (5th Cir. 1985) (quoting *Monell*, 436 U.S. at 694).

The Defendants contend that the Plaintiff has produced no evidence of a Marion County policy that caused Plaintiff's damages. Def.'s Br. at 5-13. In response, the Plaintiff argues that Marion County's failure to properly train its sheriff's deputies – by escorting them to and showing them their jurisdictional boundaries – suffices to constitute a policy for § 1983 purposes. Pl.'s Br. at 8-14.

"[T]he inadequacy of police training may serve as the basis for § 1983 liability only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." *City of Canton v. Harris*, 489 U.S. 378, 388 (1989). "'Deliberate indifference' is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." *Bd. of the County Comm'rs v. Brown*, 520 U.S. 397, 410 (1997). "A showing of simple or even heightened negligence will not suffice." *Id.* at 407.

"The need for more or different training [must be] so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the city can reasonably be said to have been deliberately indifferent to the need." *City of Canton*, 489 U.S. at 390. "[C]laims of inadequate training . . . generally require that the plaintiff demonstrate a pattern." *Estate of Davis v. City of N. Richland Hills*, 406 F.3d 375, 383 n.34 (5th Cir. 2005); *see also McCall v. Peters*, No. 3:00-CV-2247-D, 2002 U.S. Dist. LEXIS 14323, at *27-28 (N.D.Tex. Aug. 5, 2002) ("to survive summary judgment, [a plaintiff] must point to evidence of persistent, repeated, and constant violations of constitutional rights by virtue of the . . . alleged failure to adequately train its police officers."). The Plaintiff bears the burden of establishing

7

inadequate training. *See, e.g.*, *Holland v. City of Houston*, 41 F. Supp. 2d 678, 702 (S.D.Tex. 1999); *McCall*, 2002 U.S. Dist. LEXIS 14323, at *29.

The record evidence underlying the § 1983 claims is not in conflict. It is undisputed that Marion County's policy is that the sheriff's department deputies are not permitted to cross county lines to make arrests. Def.'s Ex. J at 37 [Doc. #96-11] (August 15, 2008). In addition, Marion County trains its sheriff's department deputies to not cross county lines in response to a call unless requested to do so by a neighboring county. *Id.* Marion County apparently did not, however, train Bryant by having her escorted to all of the county lines in order to teach her the jurisdictional boundaries.[2] The record is silent as to whether other deputies received such additional training.

This evidence, even when regarded in the light most favorable to the Plaintiff, is insufficient to allow the Plaintiff to meet his burden. First, the record does not contain adequate evidence of a pattern of inadequate training. Even assuming Marion County's training of Bryant was inadequate, there is no indication that the training of other deputies was similarly deficient. Moreover, even if the evidence did establish that this particular deficiency was uniform, the Court would not find that it constitutes deliberate indifference. Critically, the deputies were specifically trained not to go beyond county lines without permission from the neighboring counties. There is no evidence in the record that there have been prior incursions by deputies beyond county lines or that Marion County should have known (or actually knew) that

---

[2] To establish this fact, Plaintiff's counsel quotes Bryant's deposition testimony, *see* Pl.'s Br. at 9-11, in which Bryant testified that she was never escorted to the county's boundaries. The corresponding transcript does not appear to have been entered into the record, however, and the record is therefore technically absent of competent evidence of these facts. *See generally* [Docs. #99, 103].

its deputies would be incapable of abiding maps and signs demarcating county lines. Thus, it cannot be said that Marion County deliberately disregarded a known or obvious consequence. While an argument can be made that Marion County acted negligently by not ensuring its sheriff's department deputies knew where the county lines lay, this Court cannot conclude that Bryant's actions were a known or obvious result of Marion County's training. As a result, the Plaintiff's § 1983 claims against the Defendants must be dismissed.[3]

### C.  Plaintiff's Claims for Punitive Damages

Because the Court has concluded that the Plaintiff's § 1983 claims should be dismissed, the Defendants' argument that Plaintiff's claim for punitive damages fails as a matter of law is moot.[4]

### IV. CONCLUSION

IT IS, THEREFORE, ORDERED AND ADJUDGED that the Defendant's motion for summary judgment [Doc. #96] is **granted** and the case is **dismissed with prejudice**.

All other pending motions are dismissed as moot.

SO ORDERED AND ADJUDGED on this, the 9th day of October, 2008.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE

---

[3] *See ante*, at 3 n.1.

[4] The Court notes, however, that the caselaw it would be bound to follow clearly holds that awards of punitive damages against municipalities for claims brought under § 1983 are prohibited. *E.g. Newport v. Fact Concerts*, 453 U.S. 247, 270 (1981) ("a municipality is immune from punitive damages under 42 U. S. C. § 1983."); *Fontenot v. City of Ville Platte*, No. 08-0517, 2008 U.S. Dist. LEXIS 36277, at *2 (W.D.La. May 2, 2008) ("It is well-established punitive damages cannot be imposed against a municipality in a §1983 action.").

10